IN THE MATTER OF FRANK L. JOHNSON, JR., AN ATTORNEY AT LAW.

Argued January 23, 1962—Decided February 19, 1962.

*Mr. Guy Lee, Jr.*, argued the cause for the Gloucester County Ethics Committee.

*Mr. Samuel P. Orlando* argued the cause for respondent.

PER CURIAM. Two presentments were filed by the Committee finding that respondent had diverted trust funds. One matter involved the proceeds of a real estate transaction delivered to him as attorney for the vendor and the other the amount of a mortgage loan he procured on behalf of a client to satisfy a legacy charged against real property devised to the client. In both instances the moneys, after deposit in his trust account, were withdrawn for other purposes. When checks were later forwarded to the clients, the account contained insufficient funds and they were dishonored. Respondent knew of the inadequacy of the bank balance at the time the checks were issued.

There can be no doubt that respondent willfully violated a fundamental obligation and, in fact, no challenge to the findings is offered. The only question is the extent of the discipline which should be imposed, in the determination of which we should take into account all of the facts and circumstances in the light of the objective thereof. *In re Baron*, 25 *N. J.* 445, 449 (1957).

There is much here of a mitigating nature to consider. The misappropriations were made good before the complaints were filed. Respondent cooperated completely in the Committee's preliminary investigation and at the hearing. He fully and frankly admitted his derelictions and his attitude was one of contriteness and remorse. There is no suggestion that the explanation he gave of the reasons for his financial difficulties and his efforts to correct them was not accepted by the Committee as wholly truthful.

Respondent's practice was largely in the real estate field. A few years ago he was retained to handle closings of title and mortgage loans in a development of several hundred dwellings. His office personnel and methods were

obviously not adequate to handle properly such a volume of transactions and their attendant financial detail in the short space of time within which they had to be completed. a lawyer exposes himself to extreme hazard when he undertakes to handle the funds of others without sufficient facilities and complete systems. See *In re Banner,* 31 *N. J.* 24, 28 (1959). Respondent's records and bank accounts became very much confused with the thousands of items of receipt and disbursement for others as well as with respect to moneys due him for legal services. It is also apparent that about this time there was some diversion of trust moneys for personal purposes. Instead of rectifying the situation at once, he proceeded over a considerable period of time to "rob Peter to pay Paul," which inevitably resulted, as occurred here with respect to complainants and undoubtedly others, in delays in payment and finally in a lack of funds to satisfy all obligations. Efforts to recoup in the interim by one or more business ventures resulted in failure and further losses.

Although very late in the game, respondent has made amends. He secured loans from friends, sold his office equipment and law library and has put all other assets in process of liquidation. We are advised that sufficient funds were thereby raised to satisfy all present obligations from his trust accounts and to provide moneys to meet those not yet payable. While all these circumstances do not amount in any sense to justification of a thoroughly wrong course of conduct, they do have a favorable bearing on the extent of discipline.

In our opinion respondent should be suspended from the practice of law for one year and until the further order of this court. It is so ordered.

*For suspension for one year*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*Opposed*—None.